UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------------------------------------X

JOSE GARCIA REYES,

               Plaintiff,

v.

THE CITY OF NEW YORK; THE NEW
YORK CITY DEPARTMENT OF
CORRECTION,

               Defendants.

------------------------------------------------------------X

NOT FOR PUBLICATION

MEMORANDUM
AND ORDER
16-CV-823 (WFK)

KUNTZ, United States District Judge:

On February 12, 2016, plaintiff Jose Garcia Reyes, currently incarcerated at the Robert N. Davoren Complex ("RNDC") on Rikers Island, filed this *pro se* action against defendants pursuant to 42 U.S.C. § 1983. Plaintiff seeks damages. The Court grants plaintiff's request to proceed *in forma pauperis* pursuant to 28 U.S.C. § 1915(a). The complaint is dismissed as set forth below.

## **Background**

Plaintiff alleges that on or about April 4, 2015, while incarcerated on Rikers Island, he "suffered head trauma when a[n] industrial ladder fell on him and injured his head causing a serious injury to plaintiff" requiring eight "staples to repair the wound." Compl. at 3, 9, ECF No. 1.[1] Plaintiff alleges he was not provided with safety equipment and protective gear. *Id.* at 10.

---

[1] Because the attached pages are not sequentially paginated, the Court refers to the page numbers assigned by the Electronic Case Filing ("ECF") system.

## Standard of Review

In reviewing the complaint, the Court is mindful that plaintiff is proceeding *pro se* and that his pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *accord Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). A complaint, however, must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions." *Id.*

Nonetheless, the Court must screen a civil complaint brought by a prisoner against a governmental entity or its agents and dismiss the complaint, or any portion of the complaint, if the complaint is "frivolous, malicious, or fails to state a claim upon which relief may be granted." 28 U.S.C. § 1915A(a) & (b)(1); *see Abbas v. Dixon*, 480 F.3d 636, 639 (2d Cir. 2007). Moreover, pursuant to the *in forma pauperis* statute, the Court must dismiss the action if it determines that it is "(i) frivolous or malicious, (ii) fails to state a claim upon which relief may be granted, or (iii) seeks monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

## Discussion

In order to sustain a claim for relief under § 1983 against a municipal defendant, such as the City of New York, a plaintiff must show the existence of an officially adopted policy or custom

that caused injury and a direct causal connection between that policy or custom and the deprivation of a constitutional right. *Monell v. Dep't of Social Servs. of the City of New York*, 436 U.S. 658, 692 (1978); *see also Connick v. Thompson*, 131 S. Ct. 1350, 1359 (2011) (municipalities can be held liable for "practices so persistent and widespread as to practically have the force of law"); *Plair v. City of New York*, 789 F. Supp. 2d 459, 469 (S.D.N.Y. 2011) (Sweet, J.) ("Following *Iqbal* and *Twombly, Monell* claims must satisfy the plausibility standard . . . ."). Here, plaintiff does not allege the deprivation of a constitutional right and he has not made the required showing to confer *Monell* liability on the City of New York.

The complaint against the New York City Department of Correction ("DOC") also fails. Section 396 of the New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law." N.Y.C. Admin. Code & Charter Ch. 17 § 396. That provision "has been construed to mean that New York City departments [and agencies, such as the DOC], as distinct from the City itself, lack the capacity to be sued." *Ximines v. George Wingate High Sch.*, 516 F.3d 156, 159-160 (2d Cir. 2008) (*per curiam*); *see, e.g., Adams v. Galletta*, 966 F. Supp. 210, 212 (E.D.N.Y. 1997) (Koeltl, J.) (DOC not a suable entity). Therefore, the complaint is dismissed as to the City of New York and the DOC for failure to state a claim pursuant to 28 U.S.C. §§ 1915A(b), 1915(e)(2)(B).

Even if plaintiff had named the proper defendants, the complaint would still fail. Plaintiff's allegation that he was harmed when a ladder fell on his head may suggest a state law claim for negligence, which does not come within the jurisdiction of the federal courts. *See Pollnow v. Glennon*, 757 F.2d 496, 501 (2d Cir. 1985) ("a violation of state law is not cognizable under § 1983"). Merely negligent conduct causing unintended loss or injury to life, liberty or property is

3

not sufficient to state a claim under the Due Process Clause or any other provision of federal law. *Daniels v. Williams*, 474 U.S. 327, 333 (1986) (due process protections not triggered by lack of due care by state officials); *Davidson v. Cannon*, 474 U.S. 344, 347-48 (1986) (although official's negligence led to serious injury, constitution requires no procedure to compensate injury arising from negligence); *see also County of Sacramento v. Lewis*, 523 U.S. 833, 849 (1998) ("the Constitution does not guarantee due care on the part of state officials; liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process").

## Conclusion

Accordingly, the complaint, filed *in forma pauperis*, is dismissed pursuant to 28 U.S.C. §§ 1915A(b) and 1915(e)(2)(B). Any state law claims are dismissed without prejudice. The Court certifies pursuant 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/ WFK

WILLIAM F. KUNTZ, II
United States District Judge

Dated: April 18, 2016
       Brooklyn, New York